PETITIONER APPEARING PRO SE:
**WILLIAM R. LARSEN**
Fort Wayne, IN

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**WINSTON LIN**
**PARVINDER K. NIJJAR**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

FILED
Jul 31 2017, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | | |
|---|---|---|
| WILLIAM R. LARSEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 49T10-1503-TA-00008 |
| | ) | |
| INDIANA DEPARTMENT OF STATE REVENUE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

**FOR PUBLICATION**
July 31, 2017

WENTWORTH, J.

William R. Larsen challenges the Indiana Department of State Revenue's assessment of adjusted gross income tax for the 2013 tax year (the "year at issue"). The matter is before the Court on the Department's Motion for Summary Judgment, asserting that it lawfully denied Larsen's dependency deductions from his Indiana

adjusted gross income because he did not provide social security numbers for his three dependent children.[1] The Court denies the Department's Motion.

## FACTS AND PROCEDURAL HISTORY

Larsen is a United States citizen who resides in Fort Wayne, Indiana. (Resp't Des'g Evid. Supp. Summ. J. ("Resp't Des'g Evid."), Ex. 2 ¶ 1.) Larsen has not sought and does not have social security numbers for any of his three dependent children because he has a religious objection to obtaining social security numbers for them. (Resp't Des'g Evid., Ex. 2 ¶¶ 15-16; see also Pet'r Des'g Evid. Supp. Den. Resp't Mot. Summ. J. ("Pet'r Des'g Evid."), Ex. 6.) Moreover, none of his dependent children have an IRS-issued individual taxpayer identification number ("TIN"). (See Resp't Des'g Evid., Ex. 5 at 5-7.)

When Larsen filed his 2013 federal income tax return, he claimed federal dependency exemptions for each dependent child. (See Resp't Des'g Evid., Ex. 5 at 7.) Larsen, however, did not provide social security numbers or TINs for his children on his federal return. (See Pet'r Des'g Evid., Confd'l Ex. 23 at 3.) Subsequently, the IRS sent Larsen a letter requesting specific documentation to verify that his children were indeed his dependents if he had a "religious . . . objection to securing . . . Social Security Number[s]" for them. (Pet'r Des'g Evid., Ex. 6 ("Letter 3050C"); Hr'g Tr. at 83-85.) Specifically, Letter 3050C sought documents that would verify each child's birth and each child's identity. (See Pet'r Des'g Evid., Ex. 6 at 1-2.) After Larsen provided the requested documentation, the IRS granted his federal dependency exemptions. (See Pet'r Des'g Evid., Confd'l Ex. 23 at 7.)

---

[1] The parties have designated evidence that contains confidential information. Accordingly, the Court will provide only that information necessary for the reader to understand its disposition of the issues presented. See generally Ind. Administrative Rule 9.

When Larsen filed his 2013 Indiana adjusted gross income tax return, he claimed Indiana dependency deductions for each of his three dependent children on the Department's schedule IN-DEP. (Resp't Des'g Evid., Confd'l Ex. 3 at Exs. 1-2.) In claiming these deductions, Larsen provided each child's name, but not social security numbers, stating his religious objection to obtaining social security numbers for them. (Resp't Des'g Evid., Confd'l Ex. 3 at Ex. 2.) The Department subsequently disallowed the deductions and assessed additional adjusted gross income tax. (Resp't Des'g Evid., Ex. 2 ¶¶ 6, 10.) On July 7, 2014, Larsen protested, and on January 2, 2015, the Department issued a Letter of Findings denying Larsen's protest. (Resp't Des'g Evid., Ex. 2 ¶¶ 11-12; Confd'l Ex. 3 at Ex. 4.)

Larsen initiated this original tax appeal on March 3, 2015. On July 7, 2016, the Department filed this Motion, and on November 17, 2016, the Court held the hearing. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). "When any party has moved for summary judgment, the court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party." T.R. 56(B).

## LAW

For the purposes of Indiana's adjusted gross income tax, an individual's Indiana adjusted gross income begins with the taxpayer's federal adjusted gross income, as defined in IRC § 62. IND. CODE § 6-3-1-3.5(a) (2013). This starting point is then

3

modified by various statutory add-backs and deductions.  See generally I.C. § 6-3-1-3.5(a).  For instance, the statute allows a taxpayer to deduct $1,500 from his Indiana adjusted gross income for each federal dependency exemption allowed under the Internal Revenue Code.  See I.C. § 6-3-1-3.5(a)(5)(A).

In 2013, a federal dependency exemption was available for a taxpayer's dependent child who was younger than 19 or a student under the age of 24.  See I.R.C. §§ 151(c), 152(a), (c)(1)(C), (c)(3) (2013).  Eligibility for a federal dependency exemption required the taxpayer to provide the dependent's TIN.  I.R.C. § 151(e).  A TIN is generally a person's social security number, but the IRS allowed a variety of other numbers to serve as a TIN when a taxpayer does not have a social security number.  See generally I.R.C. §§ 6109(d), 7701(a)(41) (2013); 26 C.F.R. § 301.6109-1 (2013).

## ANALYSIS

The sole issue in this case is whether, as a matter of law, Larsen's failure to provide social security numbers for his children on his 2013 Indiana adjusted gross income tax return prohibits him from receiving dependency deductions under Indiana Code § 6-3-1-3.5(a)(5)(A).  The Department asserts that it has the authority to require social security numbers, pursuant to Indiana Code § 4-1-8-1, for the purposes of internal verification and fraud prevention.  (See, e.g., Resp't Mem. Supp. Mot. Summ. J. ("Resp't Br.") at 6.)  Larsen responds that the Department does not have the statutory

authority to require him to provide social security numbers for his children.[2] (Pet'r Mem. Resp. Den. Resp't Mot. Summ. J. ("Pet'r Br.") at 3-5, 12.)

Indiana Code § 4-1-8-1 states that "[n]o individual may be compelled by any state agency . . . to provide the individual's Social Security number to the state agency against the individual's will, [but] the provisions of this chapter do not apply to the . . . Department[.]" IND. CODE § 4-1-8-1(a)(1) (2013). This statute, therefore, does not handcuff the Department's general authority to request social security numbers from taxpayers. See I.C. § 4-1-8-1(a)(1); see also IND. CODE § 6-8.1-3-1(a) (2013) (providing the Department with general authority to administer, collect, and enforce the adjusted gross income tax).

The Department exercised its authority to request social security numbers on its IN-DEP. (See Resp't Des'g Evid., Confd'l Ex. 3 at Ex. 2.) Nevertheless, Indiana Code § 6-3-1-3.5(a)(5)(A) simply states that the Indiana dependency deduction is available for each federal dependency exemption "allowed" under the Internal Revenue Code. I.C. § 6-3-1-3.5(a)(5)(A). This statutory language imposes no requirement that a dependent's social security number be provided to receive Indiana's dependency deduction.[3] See I.C. § 6-3-1-3.5(a)(5)(A). Indeed, the only statutory eligibility requirement for an Indiana

---

[2] Larsen also makes a variety of arguments about the validity of the Department's request for social security numbers based on the federal and state constitutions, as well as federal and state Religious Freedom Restoration Acts. (See, e.g., Pet'r Mem. Resp. Den. Resp't Mot. Summ. J. at 3-7.) The Court does not address these arguments because it finds in favor of Larsen on other grounds. See, e.g., Bethlehem Steel Corp. v. Indiana Dep't of State Revenue, 597 N.E.2d 1327, 1330 (Ind. Tax Ct. 1992) (explaining that when cases are resolved on statutory grounds, the Court need not address constitutional claims), aff'd, 639 N.E.2d 264 (Ind.1994).

[3] Although social security numbers are not statutorily required to obtain Indiana dependency deductions, neither is the Department prohibited from requesting them or other documentation on the IN-DEP for verification and anti-fraud purposes. Accordingly, the Department could request other evidence similar to that requested in Letter 3050C to further these goals.

5

dependency deduction under Indiana Code § 6-3-1-3.5(a)(5)(A) is receipt of a federal dependency exemption. See DeKalb Cnty. E. Cmty. Sch. Dist. v. Dep't of Local Gov't Fin., 930 N.E.2d 1257, 1260 (Ind. Tax Ct. 2010) (explaining that when the language of a statute is clear and unambiguous, the Court may not expand or contract the meaning of a statute by reading language into it that is not there).

## CONCLUSION

Larsen has provided documentation that verifies the eligibility of his children for the federal dependency exemptions, and shows those exemptions were allowed. (See generally Pet'r Des'g Evid., Confd'l Exs. 18-20, 23 at 7.) Under Indiana Code § 6-3-1-3.5(a)(5)(A), therefore, Larsen was entitled to the Indiana dependency deductions in 2013. See I.C. § 6-3-1-3.5(a)(5)(A). Consequently, the Department's Motion is DENIED; summary judgment is GRANTED in favor of Larsen.

SO ORDERED this 31st day of July, 2017.

Martha Blood Wentworth
Judge, Indiana Tax Court

Distribution:
William R. Larsen; Winston Lin; Parvinder K. Nijjar

6